(No. 74-CV-47—■■■■■■■■■■)

CARMEN C. DE SIMONE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 27, 1975.*

CARMEN C. DE SIMONE, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on April 29, 1974, at 23rd & Wabash Streets, Chicago, Illinois. Carmen C. DeSimone seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the court, the court finds as follows:

1. That the claimant, Carmen C. DeSimone, age 60, was a victim of a violent crime as defined in §2(c) of the Act, to wit:

"Aggravated Battery", (*Ill. Rev. Stat., 1973, Ch. 38, §12-4).

2. That on April 29, 1974, at approximately 5:00 p.m., the claimant was walking to the Elevated Station near 23rd and Wabash, when he was attacked by three young men who demanded his wallet. When he refused, they pushed him to the ground.

3. That the claimant immediately called the police for assistance. The police took the claimant to Mercy Hospital for emergency treatment of facial laceration.

4. That the claimant then called his family who took him to MacNeal Memorial Hospital in Berwyn, Illinois, where he was treated for severe contusions of the head and a severe sprain of the right ankle.

A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in

this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That statements taken by the police shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon him.

6. That the claimant and his assailants were not related nor sharing the same household.

7. That, as the result of his injuries, the claimant was unable to work from April 29, 1974, until May 28, 1974, a total of 29 days. The claimant's average monthly earnings was $600.00 per month which is greater than the statutory maximum. That in accordance with the Act, the maximum amount of compensation for loss of earnings that this Court can grant is $477.05.

8. That in addition to loss of earnings, the claimant incurred hospital and medical expenses:

| | |
|---|---:|
| Hospital | $ 63.60 |
| Medical | 67.35 |
| Loss of Earnings | 477.05 |
| Total | $608.00 |

9. That benefits in the amount of $63.60 were paid to the claimant by Blue Cross.

10. That in determining the amount of compensation to which a claimant is entitled, §7(d) of the Act states that this court—

"(d) . . shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source . . ."

That after the statutory deduction of $200.00, plus the insurance benefits of $63.60, the amount of compensation to which the claimant is entitled is $344.40.

It Is Hereby Ordered that the sum of $344.40

(THREE HUNDRED FORTY-FOUR DOLLARS AND FORTY CENTS) be awarded the claimant, Carmen C. DeSimone, the victim of a violent crime.